IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEXTON BRUNSON,

    Petitioner,

    v.

WARDEN ROKOSKY,

    Respondent.

Civil Action No.: SAG-25-2700

**MEMORANDUM**

Dexton Brunson, who was previously incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Brunson asks this Court to direct that the Bureau of Prisons ("BOP") recalculate his sentence, award him prior custody credits, and release him from BOP custody. *Id.* Respondent M.J. Bayless[1] filed a "Response to Order to Show Cause and in Support of Motion to Dismiss" on November 14, 2025, asserting that the Petition should be dismissed as moot. ECF No. 9. Brunson filed an opposition response accompanied by a motion to seal, which shall be granted. ECF Nos. 14, 15. For following reasons, the Petition will be dismissed as moot.

**BACKGROUND**

On April 29. 2019, Brunson was sentenced to 120 months' imprisonment by the United States District Court for the Middle District of Pennsylvania in Case No. 1:17-cr-00068. ECF No. 9-1 at ¶ 5 (Miller Decl.). On July 1, 2019, Brunson was sentenced by a Maryland state court in Case Nos. 21-k-17-053296 and 21-k-17-053297 to two concurrent five-year sentences. *Id.* at

---

[1] The Petition identifies the respondent as Warden Rokosky. ECF No. 1. Counsel for respondent states that the current Warden at FCI-Cumberland is M.J. Bayless, who will be substituted as the sole respondent in this case.

¶ 6. The state court ordered that the state sentences run concurrent to Brunson's federal sentence of a greater length. *Id.* at ¶ 5; ECF No. 1 at 7. The BOP calculated that the federal sentence commenced on July 3, 2019, the date Brunson was taken into exclusive federal custody. ECF 9-1 at ¶ 6. Brunson asserts that his pre-sentence jails credits were not properly applied to his sentence. ECF No. 1 at 7. Brunson claims he is entitled to credits from the time of his arrest, December 8, 2016, through July 2, 2019. ECF No. 1-1 at 1. He states that at the time his federal sentence was imposed, April 29, 2019, he had no other sentences. *Id.* Pursuant to *Willis v. U.S.*, 438 F.2d 923 (5th Cir. 1971), Bruson states that the BOP may grant sentencing credits for a period spent is state custody even if it results in a "double credit" if the state and federal sentences are concurrent and the federal sentence is equal to or greater than the state sentence. ECF No. 1-1 at 1.

## DISCUSSION

Respondent seeks dismissal of the Petition because Brunson's federal sentence was recalculated, he was awarded prior custody credits, and he was therefore released from custody on June 18, 2025; accordingly, he has received the relief sought. ECF No. 9 at 1. Respondent states that following a review of Brunson's federal sentence computation, he was awarded prior custody credit of 928 presentence credit pursuant to *Willis v. U.S.*, 438 F.2d 923 (5th Cir. 1971) as well as prior custody credit from December 8 to 14, 2016, pursuant to 18 U.S.C. § 3585(b), because it was not credited toward any other sentence. ECF No. 9-1 at ¶ 3. *Willis* credits are available where federal and non-federal sentences are concurrent and the Raw Effective Full Term ("EFT") of the non-federal sentence is equal to or less than the Raw EFT of the federal sentence. *Id.* at ¶ 4. Prior custody credits are granted for any time spent in non-federal presentence custody that begins on or after the federal offense through the time that the first sentence begins. *Id.*

2

Brunson's federal EFT was originally calculated as July 2, 2029, based on a July 3, 2019, commencement date. ECF 9-1 at ¶ 6. Brunson's state court sentences were two five-year concurrent prison terms commencing on July 1, 2019, which results in a non-federal EFT of June 30, 2024. *Id.* Because the federal EFT exceeds the non-federal EFT, Brunson qualifies for 928 days of *Willis* credits for his pretrial custody from December 15, 2016, through June 30, 2019. *Id.* Respondent states that Brunson is not entitled to *Willis* credit for July 1 and 2, 2019, because the Maryland state sentence was imposed on July 1. *Id.* The recalculation of Brunson's sentence accounting for the *Willis* credits as well as those applied pursuant to 18 U.S.C. § 3585(b) resulted in a projected release date of June 18, 2025. *Id.* at ¶ 9. Brunson acknowledges that he has been transferred to Virginia state custody having completed his federal sentence. ECF No. 14 at 1-2.

Based on this recalculation, Respondent asserts that there is no further relief that the Court can grant. ECF No. 9 at 3. Ordinary principles of mootness apply to petitioners seeking federal habeas relief. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

"A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018)

3

(alterations original) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).   If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act."  *Spencer*, 523 U.S. at 18.  "[Q]uestions of subject matter jurisdiction … may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).  Because Brunson has received the credits he sought through BOP's recalculation and has been released from BOP custody, he has received all of the relief sought in his Petition.

Brunson, however, contends that the recalculation and release from custody does not fully resolve the controversy raised in his Petition.  ECF No. 14 at 2.  He states that instead it "created a new, continuing execution error by simultaneously reducing Petitioner's previously reflected First Step Act earned time credits from 365 days to just 1 day, despite the undisputed facts that no disciplinary action occurred during Petitioner's federal incarceration and the Bureau had already credited Petitioner with 365 days of [First Step Act] time prior to the post-filing recalculation." *Id.*  Brunson asserts that where correction of one error creates another, mootness does not attach. *Id.*  He further claims that he was not released from BOP custody until October 15, 2025.  *Id.*

There are two exceptions to the mootness doctrine: "(1) collateral consequences; and (2) capable of repetition, yet evading review."  *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (internal quotations omitted).  The first exception applies "where a conviction results in collateral consequences sufficient to create 'a substantial stake in the … conviction which survives the satisfaction of the sentence…'"  *Id.* (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Fiswick v. United States*, 329 U.S. 211, 222 (1946)).  The second exception exists where:  "the challenged action is too short in duration to be fully litigated before it ceases or expires, and …

there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again." *See id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

Neither exception is applicable in this case. No collateral consequences have been raised or contested by the Petition, and it is not reasonable to believe that Brunson would somehow be subjected to the same miscalculation alleged in the Petition. Accordingly, the Court finds that the Petition is moot. The issue of whether Brunson's First Step Act credits were properly accounted for and applied to his federal sentence was not raised in the Petition and is therefore not properly before this Court. While the Court acknowledges both issues affect the calculation of his sentence, they still present two separate claims, one of which does not save the other from being moot. The matters presented in the Petition have been resolved, and Brunson has received all of the relief sought. Any new claim challenging the execution of a sentence must be filed in the federal jurisdiction in which Brunson is currently incarcerated. *See* 28 U.S.C. § 2241(a).

### CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus will be DISMISSED without prejudice as Brunson's claim is moot. A separate Order follows.

July 13, 2026
Date

/s/
Stephanie A. Gallagher
United States District Judge

5